UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| BMO HARRIS BANK N.A.,<br><br>        Plaintiff,<br><br>v.<br><br>GEROGROUP, CORP, GR TRANSPORTATION LLC and JUANA ROSARIO,<br><br>        Defendants. | Case No. |

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff BMO HARRIS BANK N.A. ("BHB"), by and through its undersigned counsel, hereby submits this Complaint against GEROGROUP, CORP ("Gerogroup"), GR TRANSPORTATION LLC ("GR") and JUANA ROSARIO ("Juana") in support thereof, avers as follows:

## PARTIES

1. Plaintiff BHB is a national banking association and has its principal place of business in Chicago with an office at 111 W. Monroe Street, Chicago, Illinois 60603. It is a citizen and resident of Illinois for diversity purposes.

2. Gerogroup is a corporation organized and existing pursuant to the rules and laws of the State of Florida with its principal place of business at 3401 Conway Garden Road, Orlando, FL 32806, and as such, is within the Middle District of Florida. Gerogroup is owned one hundred percent by Juana as the sole member. As such, its citizenship is that of Juana, set forth below.

3. GR is a limited liability company organized and existing pursuant to the rules and laws of the State of Florida with its principal place of business at 9020 Breezy Meadow Way, Orlando, FL 32829, and as such, is within the Middle District of Florida. GR is owned one hundred percent by Juana as the sole member. As such, its citizenship is that of Juana, set forth below.

4. Juana is an individual whose address is located at 9020 Breezy Meadow Way, Orlando, FL 32829, and as such, resides and is a citizen of the Middle District of Florida.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is diversity in citizenship and there is an amount in controversy that exceeds $75,000.

6. This judicial district is proper venue for this proceeding pursuant to 28 U.S.C. §1391(b)(2), as the Defendants reside, live or do business in the Middle District of Florida and as a substantial part of the events giving rise to the cause of action, including signing of the contracts at issue, occurred in the Middle District of Florida.

## BACKGROUND

*Loan and Security Agreement 1*

7. On or about July 30, 2018, GR entered into a Loan & Security Agreement (hereinafter "Agreement 1") with BHB in the total amount of $77,663.52, attached hereto as **Exhibit A,** for the purchase of the following:

| Year | Manufacturer | Model | Description | Serial Number |
|------|--------------|-------|-------------|---------------|
| 2018 | FORD | F-350 | F-350 | 1FT8W3DT2JEC36967 |

8. Pursuant to Agreement 1, GR agreed to make monthly payments for the purchase of the above Equipment (hereinafter "Equipment 1") beginning on or about October 1, 2018 for a term of 72 months.

2

9. Upon information and belief, GR used Equipment 1 at its address located at 9020 Breezy Meadow Way, Orlando, FL 32829.

10. Pursuant to Agreement 1, GR was obligated to pay a minimum monthly payment of $1,078.66.

11. Pursuant to paragraph 5.1 of Agreement 1, entitled "Events of Default," GR will be in default under the loan if "Debtor" fails to pay when due any amount owed by it to BHB under this Agreement.

12. Pursuant to paragraph 5.2 of Agreement 1, entitled "Remedies," upon default GR, BHB may "declare the indebtedness hereunder to be immediately due and payable."

13. On or about November 1, 2019, GR defaulted under the terms of Agreement 1 by failing to make the minimum monthly payment.

*Loan and Security Agreement 2*

14. On or about September 29, 2017, GR entered into a Loan & Security Agreement (hereinafter "Agreement 2") with BHB in the total amount of $386,420.40, attached hereto as **Exhibit B,** for the purchase of the following:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2018 | PETERBILT | 389-SERIES | 389-SERIES: 389 131" BBC SFFA TRACTOR 4X2 | 1NPXLP9X5JD469568 |
| 2018 | COTTRELL | CX11HCS | CX11HCS | 5E0AJ1442JG039301 |

15. Pursuant to Agreement 2, GR agreed to make monthly payments for the purchase of the above Equipment (hereinafter "Equipment 2") beginning on or about December 1, 2017, for a term of 72 months.

16. Upon information and belief, GR used Equipment 2 at its address located at 9020 Breezy Meadow Way, Orlando, FL 32829.

17. Pursuant to Agreement 2, GR was obligated to pay a minimum monthly payment of $5,366.95.

18. Pursuant to paragraph 5.1 of Agreement 2, entitled "Events of Default," GR will be in default under the loan if "Debtor" fails to pay when due any amount owed by it to BHB under this Agreement.

19. Pursuant to paragraph 5.2 of Agreement 2, entitled "Remedies," upon default by GR, BHB may "declare the indebtedness hereunder to be immediately due and payable."

20. On or about December 1, 2019, GR defaulted under the terms of Agreement 2 by failing to make the minimum monthly payment.

*Loan and Security Agreement 3*

21. On or about March 1, 2018, Gerogroup entered into a Loan & Security Agreement (hereinafter "Agreement 3") with BHB in the total amount of $350,700.06, attached hereto as **Exhibit C,** for the purchase of the following:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2018 | PETERBILT | 389-SERIES | 389-SERIES: 389 131" BBC SFFA TRACTOR 6X4 | 1NPXLP9X6JD491871 |
| 2018 | COTTRELL | 3 CAR HEADRACK | 3 CAR HEADRACK | 104001 |
| 2018 | COTTRELL | C11HCS | C11HCS | 5E0AJ1449JG104001 |

22. Pursuant to Agreement 3, Gerogroup agreed to make monthly payments for the purchase of the above Equipment (hereinafter "Equipment 3") beginning on or about May 1, 2018, for a term of 74 months.

23. Upon information and belief, Gerogroup used Equipment 3 at its address located at 9020 Breezy Meadow Way, Orlando, FL 32829.

24. Pursuant to Agreement 3, Gerogroup was obligated to pay a minimum monthly payment of $4,739.19.

25. Pursuant to paragraph 5.1 of Agreement 3, entitled "Events of Default," Gerogroup will be in default under the loan if "Debtor" fails to pay when due any amount owed by it to BHB under this Agreement.

26. Pursuant to paragraph 5.2 of Agreement 3, entitled "Remedies," upon default by Gerogroup, BHB may "declare the indebtedness hereunder to be immediately due and payable."

27. On or about November 1, 2019, Gerogroup defaulted under the terms of Agreement 3 by failing to make the minimum monthly payment.

### *Loan and Security Agreement 4*

28. On or about February 27, 2018, GR entered into a Loan & Security Agreement (hereinafter "Agreement 4") with BHB in the total amount of $107,472.96, attached hereto as **Exhibit D,** for the purchase of the following:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2018 | COTTRELL | EX5307 | EX5307 | 5E0AU1741JG080201 |

29. Pursuant to Agreement 4, GR agreed to make monthly payments for the purchase of the above Equipment (hereinafter "Equipment 4") beginning on or about May 1, 2018, for a term of 72 months.

30. Upon information and belief, GR used Equipment 4 at its address located at 321 Morse Street, Camden, NJ 08105.

31. Pursuant to Agreement 4, GR was obligated to pay a minimum monthly payment of $1,492.68.

32. Pursuant to paragraph 5.1 of Agreement 4, entitled "Events of Default," GR will be in default under the loan if "Debtor" fails to pay when due any amount owed by it to BHB under this Agreement.

33. Pursuant to paragraph 5.2 of Agreement 4, entitled "Remedies," upon default by GR, BHB may "declare the indebtedness hereunder to be immediately due and payable."

34. On or about November 1, 2019, GR defaulted under the terms of Agreement 4 by failing to make the minimum monthly payment.

### *Continuing Guaranties - Juana*

35. Juana executed multiple Continuing Guaranties (hereinafter the "Juana Guaranties"). True and correct copies of the Juana Guaranties are attached collectively as **Exhibit E**.

36. Pursuant to the Juana Guaranties, Juana agreed to the prompt payment and performance of all obligations, liabilities and undertakings of GR and Gerogroup to BHB.

37. Juana, as personal guarantor of the debts of GR and Gerogroup, has failed to cure the default of GR and Gerogroup.

### *Continuing Guaranty - Gerogroup*

38. Gerogroup executed a Continuing Guaranty (hereinafter the "Gerogroup Guaranty). A true and correct copy of the Gerogroup Guaranty is attached hereto as **Exhibit F**.

39. Pursuant to the Gerogroup Guaranty, Gerogroup agreed to the prompt payment and performance of all obligations, liabilities and undertakings of GR to BHB.

40. Gerogroup, as personal guarantor of the debts of GR, has failed to cure the default of GR.

### **COUNT I: BREACH OF CONTRACT**
**(Against GR Transport LLC)**

41. BHB incorporates by reference Paragraphs 1 through 40, as if set forth at length herein.

42. BHB and GR entered into valid contracts (Agreements 1, 2 and 4, collectively the "GR Agreements") wherein GR agreed to make monthly payments to BHB for the use of Equipment 1, 2 and 4 (collectively the "GR Equipment").

43. GR defaulted on the terms of the GR Agreements and therefore is in default for failure to pay.

44. BHB sustained significant damages in the amount of $357,427.93 due to GR's breach and default of the GR Agreements.

**WHEREFORE**, Plaintiff, BMO Harris Bank N.A. demands judgment against Defendant GR Transportation LLC in the amount of $357,427.93; as well as reasonable attorneys' fees and costs; and such other relief as the court may deem equitable and just.

## COUNT II: BREACH OF CONTRACT
**(Against Gerogroup, Corp)**

45. BHB incorporates by reference Paragraphs 1 through 44, as if set forth at length herein.

46. BHB and Gerogroup entered into a valid contract (Agreement 3, hereinafter the "Gerogroup Agreement") wherein Gerogroup agreed to make monthly payments to BHB for the use of Equipment 3 (hereinafter the "Gerogroup Equipment").

47. Gerogroup defaulted on the terms of the Gerogroup Agreement and therefore is in default for failure to pay.

48. BHB sustained significant damages in the amount of $232,886.87 due to Gerogroup's breach and default of the Gerogroup Agreement.

49. Gerogroup also entered into another valid written contract with BHB (the Gerogroup Guaranty) to induce BHB to extend credit to GR, whereby Gerogroup personally

guaranteed GR's prompt payment of all amounts owed to BHB, including all of GR's then-existing and future obligations, debts and liabilities to BHB.

50. Gerogroup defaulted on their contractual obligations by failing to cure the default of GR in the amount of $357,427.93.

**WHEREFORE**, Plaintiff, BMO Harris Bank N.A. demands judgment against Defendant Gerogroup, Corp in the amount of $590,314.80; as well as reasonable attorneys' fees and costs; and such other relief as the court may deem equitable and just.

### COUNT III: BREACH OF CONTRACT
**(Against Juana Rosario)**

51. BHB incorporates by reference Paragraphs 1 through 50, as if set forth at length herein.

52. Juana entered into valid written contracts with BHB (the Juana Guaranties) to induce BHB to extend credit to GR and Gerogroup, whereby she personally guaranteed GR and Gerogroup's prompt payment of all amounts owed to BHB, including all of GR and Gerogroup's then-existing and future obligations, debts and liabilities to BHB.

53. Juana defaulted on her contractual obligations by failing to cure the default of GR and Gerogroup.

**WHEREFORE**, Plaintiff, BMO Harris Bank N.A. demands judgment against Defendant Juana Rosario in the amount of $590,314.80; as well as reasonable attorneys' fees and costs; and such other relief as the court may deem equitable and just.

                WONG FLEMING
                A Professional Corporation

Dated: July 8, 2020

              By: */s/ Alexis Turner Garris*_____
                Alexis Turner Garris, Esq. (FL Bar 1011753)
                821Alexander Road, Suite 200

                      Princeton, NJ 08540
                      Tel:     609-951-9520
                      Fax:    609-951-0720
                      E-mail: aturnergarris@wongfleming.com
               *Attorneys for Plaintiff, BMO Harris Bank N.A.*